[No. 3,570.]

## JAMES H. SWIFT *v.* JARVIS SWIFT.

CONTRACT WITHIN STATUTE OF FRAUDS. — A verbal contract between the lender and borrower that money loaned is to be repaid when nut-bearing trees about to be planted on the borrower's farm yield an income sufficient to pay the same, over and above paying the expenses of the farm and of the borrower's family, is void under the Statute of Frauds, because the parties must have contemplated that more than one year would elapse before the time of payment would arrive.

THE LAW PRESUMES A PROMISE TO PAY MONEY BORROWED. — Although a contract between the borrower and lender of money, as to the time of its payment, may be void under the Statute of Frauds, yet, as the borrower has the lender's money, the law presumes a promise that he will repay it on demand.

PRINCIPAL AND NOT AGENT MUST SUE. — When S., as the agent of R., loans the money of R., an action against the borrower to recover it must be brought in the name of R. S. cannot sue for the money.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

The facts are stated in the opinion.

*Charles E. Huse,* for Appellant.

*A. Packard,* for Respondent.

By the Court, BELCHER, J.:

This is an action to recover something more than seven thousand dollars for money loaned and labor and services performed. The defendant, by his answer, denied all liability for the services, and denied that more than two thousand eight hundred dollars had been loaned to him by the plaintiff. It was also alleged that no part of the money had become due when the action was commenced. The case was tried before a referee, and judgment was reported and entered for the plaintiff. The appeal is from the judgment and from an order denying a motion for a new trial.

It appears from the record that in June, 1868, the defendant purchased a farm in Santa Barbara County, which he proposed to improve by planting it in nut-bearing trees; that the plaintiff, who is a son of the defendant, went upon the farm with his father and thereafter performed services in its management until shortly before the commencement of this action, and at various times advanced money for its improvement; that it was agreed between the plaintiff and defendant that the money should bear no interest, and should

not be repayable until the farm should yield an income suffi-
cient for that purpose over and above paying its own expenses
and the expenses of the defendant's family; that in Septem-
ber, 1871, at which time the farm had yielded no surplus
income, the plaintiff left 'the defendant's house and shortly
thereafter commenced this action.

The referee was of the opinion that, because the contract
for the repayment of the money was not in writing, and be-
cause the money was to be "paid out of the proceeds of the
farm, after expenses, and a number of years would neces-
sarily elapse before the same could be paid, inasmuch as the
enterprise consisted in the growth and culture of nut-bearing
trees," the contract was within the Statute of Frauds, and
the law would, therefore, imply a promise to presently repay
the money.

1. We see no error in this conclusion of the referee. By
our Statute of Frauds every agreement that, by its terms, is
not to be performed within one year from the making thereof,
is declared to be void, unless such agreement, or some note
or memorandum thereof expressing the consideration, be in
writing and, subscribed by the party to be charged there-
with. There can be no doubt that a promise to pay money,
as much as a promise to do any other act, after the expira-
tion of a year, is within the statute. Numerous cases have
arisen upon the corresponding clause of the statute, as it is
found in England and the several States, according to Mr.
PARSONS (2 Parsons on Con. 316, note), may be arranged in
three classes: 1. When by the express agreement of the
parties the performance of the contract is not to be com-
pleted within one year. 2. When it is evident from the
subject matter of the contract that the parties had in con-
templation a longer period than one year as the time for its
performance. 3. When the time for the performance of the
contract is made to depend upon some contingency which
may or may not happen within one year.

In the first and second classes the contract is held to be within the statute, and in the third class it is held not to be within it.

It is evident that the contract in question must fall within the second class named. No specified time was named for its performance, but inasmuch as the money was to be paid out of the profits of the farm, and those profits were expected to be realized from nut-bearing trees, which were yet to be planted, it must have been contemplated by the parties that a longer period than a year would elapse before there could be any performance.

The contract, as made, was then void under the statute, but having the plaintiff's money, which he could not justly retain, the law presumes a promise on the part of the defendant to repay it on demand.

2. It is objected that the judgment is erroneous because two thousand dollars of the money sued for belonged to one Ann Reed, and we think this objection well taken. It is evident from the testimony of the plaintiff that in loaning this money he acted as the agent of Ann Reed, and loaned the money as her money. He did not pretend to be acting for himself. She was consulted, and directed as to the terms of the loan. The indebtedness arose to her then and not to the plaintiff. The indebtedness not being to him, of course the plaintiff could not sue for it.

Judgment and order reversed and cause remanded.

Mr. Chief Justice WALLACE did not express an opinion.