[Civ. No. 25826.   Second Dist., Div. Four.   Sept. 25, 1962.]

MAE-DELL LACY, Plaintiff and Respondent, v. BETTY LEE BENNETT, Defendant and Appellant.

George W. Rochester for Defendant and Appellant.

Zeman, Comsky & Fischer and B. D. Fischer for Plaintiff and Respondent.

JEFFERSON, J.—This is an action to recover money which was alleged to have been loaned by plaintiff to defendant. The complaint alleged two separate loans, and the answer denied each allegation. The matter was tried before the court without a jury. The court found in favor of plaintiff

and entered judgment accordingly. Defendant filed a motion for new trial which was denied. This is an appeal from the judgment and order denying motion for new trial.

Plaintiff testified that in July 1957 she agreed to loan defendant $2,500. In order to make the loan, plaintiff obtained a loan from the credit union at her place of employment. The loan sheet and a cancelled check from the credit union in the amount of $2,500 payable to plaintiff were received in evidence. Plaintiff cashed the check at a local bank and gave the money to defendant in cash. She stated there was a general understanding that this was to be a "long-term loan, there was no definite date for paying that back."

In August 1958 defendant threatened plaintiff that she would not pay any of the amount previously loaned to her unless plaintiff would loan her an additional $1,500. In order to make the latter loan, plaintiff borrowed the money from the Bank of America. A cancelled check from the bank in the amount of $1,500 payable to "cash" and endorsed by plaintiff was received into evidence. Plaintiff cashed the check and gave $1,400 in cash to defendant. Plaintiff testified that at the time of making this loan, defendant said that she was going to repay $3,000 all at once "by the end of the year when she expected to sell her property." In January or February 1959 plaintiff asked defendant "how the property was going," and requested that "she would please start paying something monthly on the loan at least."

Plaintiff further testified that in June 1959 defendant informed plaintiff that she received a letter from plaintiff's attorney concerning repayment of the loans. Defendant told plaintiff that she had been planning to pay her something, but now she wouldn't pay anything at all unless plaintiff would forbear from bringing legal proceedings.

On cross-examination plaintiff admitted in reference to both loans that there was no agreement to pay interest; that there was no agreement for periodic repayments; and that no partial payments had ever been made.

Defendant testified that the loans alleged in plaintiff's complaint and testified to at the trial had never in fact been made; that the first notice defendant had of the alleged loans was the letter which she received from plaintiff's attorney; that when confronted by defendant, plaintiff at first denied any knowledge of the letter, but as defendant pressed the issue, plaintiff admitted her knowledge of the letter; that in response to defendant's demand for an explanation of the

letter, plaintiff merely stated that she wanted this money and thought defendant ought to give it to her.

Defendant's first contention on appeal is that the evidence is not sufficient to support the finding and judgment of the trial court. ■ "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. [Citation.]" *Grainger* v. *Antoyan,* 48 Cal.2d 805, 807 [313 P.2d 848].

Plaintiff and defendant each gave testimony which was diametrically opposed to that given by the other. Such testimony constituted substantial evidence and taken alone was sufficient to warrant a finding in favor of either party. The question was which party was the trier of fact going to believe. Before pronouncing judgment the trial judge stated, "After paying close attention to these parties, judging the testimony, the court has arrived at the opinion that the person who is worthy of belief is the plaintiff in this action."

Defendant's appeal brief and oral argument sharply criticized the application of the "substantial evidence rule" to a case of this nature where the appellate court has what defendant erroneously asserts to be an equal opportunity to study the entire trial transcript.

■ The substantial evidence rule is a rule both of necessity and of logic. It is a rule of necessity in that it would unduly burden the efficient administration of justice to afford a trial de novo on appeal. It is a rule of logic in that issues of fact, which are so dependent upon the veracity, perception, and recollection of witnesses, should be determined with finality where there was opportunity to hear and observe the witnesses. ■ It is a sufficient check upon the fact finding power of the trial court that the finding must be supported by some substantial evidence. (See *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]; *Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231].)

■ Defendant contends that the testimony of plaintiff is unsubstantial evidence in that it is inherently incredible. The evidence shows that at the time the loans were alleged to have been made plaintiff and defendant shared living quarters and divided expenses. Large sums of money were kept in a trophy on the mantel which was accessible to both parties. Under such circumstances it is not improbable in the light of

reason or human experience that plaintiff made the loans to defendant in the informal manner to which she testified at trial.

Defendant urges that this appellate court make a finding of fact contrary to that made by the trial court pursuant to the provisions of article VI, section 4¾, of the California Constitution and section 956a of the Code of Civil Procedure. ▮ "Neither the constitutional amendment [art. VI, § 4¾] nor section 956a of the Code of Civil Procedure was intended to abrogate the general rule respecting the powers of the trial court in its determination of questions of fact or the rule that the reviewing court is bound by the findings of the trial court if based upon substantial evidence." (*Tupman* v. *Haberkern,* 208 Cal. 256, 265-266 [280 P. 970].)

Defendant's second contention on appeal is that this oral loan agreement is invalid under the statute of frauds being an agreement which by its terms is not to be performed within a year from the making thereof. (Civ. Code, § 1624, subd. 1.) ▮ The test for determining whether an oral contract is not to be performed within a year lies wholly within *its terms.* (*Sessions* v. *Southern Calif. Edison Co.,* 47 Cal.App.2d 611, 616 [118 P.2d 935].) ▮ The terms of the oral agreement may by express provision specify that the duty is not to be performed within a year, or by clear implication make it evident from the subject matter of the contract that a period longer than one year was contemplated by the parties. (*Swift* v. *Swift,* 46 Cal. 266.)

The loan of $2,500 which was made in July 1957 was understood to be "a long-term loan" although there was no definite date for repayment. Defendant urges that this is an agreement which by its subject matter evidences that the parties had in contemplation a period longer than one year. The rule of *Swift* v. *Swift, supra,* 46 Cal. 266, was stated in reference to an agreement whereby advances which were made to finance the planting of nut-bearing trees were to be repaid when the trees made a profit. It was impossible for the trees which were to be planted to produce income within one year from the making of the contract. The subject matter of the case presently on appeal is merely an agreement to repay money sometime in the future. ▮ "Long-term" does not of itself denote any specific length of time. ▮ It is possible within the terms of such an agreement that the money might be repaid within one year. ▮ The fact that performance within one year is not probable under the terms of the agree-

ment does not bring it within the statute of frauds. (*El Rio Oils Ltd.* v. *Pacific Coast Asphalt Co.*, 95 Cal.App.2d 186, 194 [213 P.2d 1].)

The loan of $1,400 made in August 1958 was in consideration of a promise to repay $3,000 "at the end of the year." It is clear from the context of the testimony that the "end of the year" meant December 31, 1958, which makes this contract expressly performable within a year from the date of its making.

The judgment is affirmed. The purported appeal from the order denying motion for new trial is dismissed. (*Rodriguez* v. *Barnett*, 52 Cal.2d 154, 156 [338 P.2d 907].)

Burke, P. J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.