[Civ. No. 68725. Second Dist., Div. Two. May 17, 1984.]

MICHAEL NEWFIELD, Plaintiff and Appellant, v.
INSURANCE COMPANY OF THE WEST, Defendant and Respondent.

442

**COUNSEL**

David S. Sperber for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Peter Q. Ezzell, Roy G. Weatherup and Robert L. Kaufman for Defendant and Respondent.

OPINION

BEACH, J.—

NATURE OF APPEAL:

Appeal from judgment of dismissal without leave to amend upon sustaining of demurrer to complaint alleging wrongful termination of appellant as an employee of respondent. We affirm.

OUR HOLDING:

We hold (1) appellant did not plead sufficient facts to establish the tort of wrongful discharge nor to establish breach of an oral contract of employment; (2) any tort action would be barred by the one-year statute of limitations; and (3) the breach of oral contract would have been barred by the statute of frauds.

FACTS:

Appellant alleged that in October 1978 he entered an oral employment contract with respondent. In accepting employment appellant alleged that he left his job with another company; that he took a decrease in pay; that he increased his hours at work; and he commuted 70 miles round trip each day. He alleged further that a representation was made to him that he would have "a permanent career" with respondent. Also appellant alleged that he was terminated without just cause on October 17, 1980; that the termination occurred less than two years after his initial employment date; and that the termination was in breach of the alleged oral contract and of an implied covenant of good faith and fair dealing.

Additionally, appellant alleged that defendants, William White and Carl Koch, "conspired" with respondent to terminate appellant's employment and "did wrongfully represent" that appellant "was not adequately performing his duties," and that appellant "was a detriment" to respondent. However, appellant on this appeal asserts that he stands or falls on the pleadings directed solely against respondent Insurance Company of the West. Therefore, there is no issue or problem before us relative to the sufficiency of allegations of conspiracy or any other liability of respondent for the conduct of its employees, White and Koch.

DISCUSSION:

A cause of action founded upon violation of public policy or a statute is a tort action. "[W]hen an employer's discharge of an employee

violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." (*Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314].)

■ In the instant case, there has been absolutely no allegation of any violation of any public policy or statute, and there can be none alleged.

There is no public policy that people are or should be entitled to permanent employment or that an employer is not entitled to discharge an employee. The law as set forth by statute reflects a contrary policy. The general rule codified in Labor Code section 2922 provides that "An employment, having no specified term, may be terminated at the will of either party. . . ."[1]

The first cause of action in the instant complaint is insufficient to state a cause of action in tort based on public policy or statutory violations. Accordingly, the cause of action must stand, if at all, upon contract law.

■ There are limitations on the exceptions that have been created under Labor Code section 2922. There must be a promise, express or implied, that there is a guarantee of continued employment so long as there is satisfactory service. (*Patterson* v. *Philco Corp.* (1967) 252 Cal.App.2d 63, 65 [60 Cal.Rptr. 110]; *Cleary* v. *American Airlines, Inc.* (1980) 111 Cal.App.3d 443, 450 [168 Cal.Rptr. 722]. The *sole* allegation by the plaintiff in this regard is that he was promised "a permanent career." This type of promise has been considered by the courts in California and has been found to create *only* a contract terminable *at will.* "A contract for permanent employment is interpreted as a contract for an indefinite period and in the absence of statutory provisions or public policy considerations [citations] is terminable at the will of either party [citation] for any reason whatsoever [citation]." (*Marin* v. *Jacuzzi* (1964) 224 Cal.App.2d 549, 553 [36 Cal.Rptr. 880].)

Whenever the question of "permanent" promises has come up in other cases, it has arisen only with respect to a *written* contract, or an express and consistent personnel policy and practice or a specific promise that there would be no termination other than for good cause. (See, e.g., *Drzewiecki* v. *H & R Block, Inc.* (1972) 24 Cal.App.3d 695 [101 Cal.Rptr. 169]; *Rabago-Alvarez* v. *Dart Industries, Inc.* (1976) 55 Cal.App.3d 91, 96 [127

---

[1]The section also provides the definition of "specified term" as "an employment for a period greater than one month." This does not, however, relate to any public *policy* regarding any minimum of *required* hiring or *permanency* thereof.

Cal.Rptr. 222]; *Hepp* v. *Lockheed-California Co.* (1978) 86 Cal.App.3d 714 [150 Cal.Rptr. 408].)

■   It could be argued that the promise of "permanent" employment obliquely implied a promise not to terminate without just cause. However, even if that were true, "oblique language will not, standing alone, be sufficient to establish agreement." (*Pugh* v. *See's Candies, Inc.* (1981) 116 Cal.App.3d 311, 329 [171 Cal.Rptr. 917].)

■   Appellant has not alleged any express promise not to terminate him without just cause. Therefore, the first cause of action does not sound in express contract terms any more than it sounds in tort. It stands, if at all, as a claim for breach of an implied contract.

Among the criteria considered in determining whether there is such an implied promise are longevity of service, established personnel policies, established personnel practices of the employer, policies and practices within the industry, lack of criticism of the employee's work, and oral representations or assurances. (*Pugh* v. *See's Candies, Inc., supra,* at pp. 327-328.)

There are in appellant's complaint no allegations of industry policy and practice nor personnel policies or practices of respondent which support appellant's cause of action. There was no "lack of criticism" of appellant's work. To the contrary, appellant admits in his complaint that respondent had been informed that appellant was not adequately performing his duties and was a detriment to respondent. The only oral representation allegedly made was that appellant would have a "permanent" career, which is insufficient, as shown above. Finally, only the question of longevity is left. In the instant case, the length of employment was less than two years. This is not the type of longevity that is referred to in California case law. (*Pugh* v. *See's Candies, Inc., supra,* 116 Cal.App.3d 311, (32 years); *Cleary* v. *American Airlines, Inc., supra,* 111 Cal.App.3d 443, (18 years); *Tameny* v. *Atlantic Richfield Co., supra,* 27 Cal.3d 167, (15 years).)

California courts have repeatedly considered situations where violation of the implied covenant of good faith and fair dealing has been alleged as a result of a "termination without good cause." The courts have refused to recognize any such cause of action based on that naked convenant alone. As indicated above, the rulings of those courts were *always* predicated upon other public policy grounds, statutory violations, or express (or clearly implied) contract grounds, or upon a combination of elements (e.g., especially longevity of service together with some added element (*Cleary*) 18 years

and company policies; *(Pugh)* 32 years and company policies, faithful ser-vice and lack of criticism).

■ Additionally, the first cause of action is barred by the statute of frauds, since it is impermissibly based upon an oral contract not to be performed within one year.

The applicable portion of the statute of frauds is codified by Civil Code section 1624, subdivision (1): "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof; . . ."

■ Appellant alleged an *oral* contract for "permanent" employment. As a general rule, this type of contract does not come under Civil Code section 1624, subdivision (1). The traditional view is that such a contract could conceivably be performed within one year by termination of the employment agreement by one party or the other. ■ Since such an employment agreement has long been interpreted as being for an indefinite period, it is terminable at will by *either* party. *(Ruinello* v. *Murray* (1951) 36 Cal.2d 687, 689 [227 P.2d 251].) This is still the rule in California today as evidenced by California Labor Code section 2922 and *Pugh* v. *See's Candies, Inc.; supra,* 116 Cal.App.3d 311, 326.

■ Appellant alleges that respondent did not have the option of terminating him at will without good cause. In other words, allegedly only appellant had the right to terminate the contract. Equality or justice between the parties would no longer exist in this alleged kind of oral contract.

Appellant cannot have it both ways. Either his employment relationship was a contract in which both parties had equal rights to terminate at will (in which case it was not in violation of the statute of frauds), or it was a contract where the employer did not have the right to terminate at will, and there was a reasonable expectation of employment for more than one year (in which case the statute of frauds does apply, barring this action).

■ The purpose of the statute of frauds is to prevent enforcement of promises that were not made and to ensure equality and justice between the parties. (See, e.g., *Lockwood* v. *Smigel* (1971) 18 Cal.App.3d 800, 803 [96 Cal.Rptr. 289].)

■ In the instant case, since appellant is complaining that he was not given "permanent" employment when he was fired after nearly *two* years,

he is clearly taking the position that the contract expressly or impliedly guaranteed him employment for a period longer than one year. It must follow that appellant contends that the clear implication of the alleged contract was for employment for *longer than one year*. In such a situation when the terms of an oral agreement make it evident by clear implication from the subject matter of the contract that a period longer than one year was contemplated by the parties, the statute of frauds applies to bar the action. (*Lacy* v. *Bennett* (1962) 207 Cal.App.2d 796, 800 [24 Cal.Rptr. 806]; see also, *Tostevin* v. *Douglas* (1958) 160 Cal.App.2d 321, 327 [325 P.2d 130].)

Inasmuch as we conclude there was no wrongful discharge, it is unnecessary to discuss matters of punitive damages for tortious discharge, or infliction of emotional distress or conspiracy to discharge.

The judgment is affirmed.

Compton, Acting, P. J., and Gates, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 11, 1984. Bird, C. J., was of the opinion that the petition should be granted.