600 F.Supp. 765 (1985)
Mario P. COMERIO, Plaintiff,
v.
BEATRICE FOODS COMPANY, Defendant.
No. 84-1474C(1).
United States District Court, E.D. Missouri, E.D.
January 15, 1985.
*766 James J. Sauter, St. Louis, Mo., for plaintiff.
Anthony J. Sestric, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on plaintiff's and defendant's motions for summary judgment. The underlying facts and plaintiff's allegations were reviewed by this Court in the Order and Memorandum dated October 15, 1984. Comerio v. Beatrice Foods Company, 595 F.Supp. 918 (E.D.Mo.1984). They will not be repeated herein.

I. STANDARD FOR SUMMARY JUDGMENT
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that *767 there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).

II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Defendant raises six (6) separate grounds in support of its motion for summary judgment. The first ground asserts that this Court lacks subject-matter jurisdiction over plaintiff's entire complaint. The second, third and fourth grounds are directed solely to Count I, the service letter count, of plaintiff's complaint. The fifth ground is directed to both Count I and Count II, the breach of contract count, and the sixth ground is directed to Count III, the breach of the implied covenant of good faith and fair dealing count.
Defendant first argues that this Court lacks subject-matter jurisdiction over plaintiff's complaint because plaintiff does not satisfy the requirements for federal diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, defendant argues that plaintiff failed to allege diversity of citizenship of plaintiff and defendant, and that plaintiff's claims do not exceed $10,000.00 exclusive of interests and costs. With respect to the first argument, it was obviated by plaintiff's amendment to his complaint on December 14, 1984, in which he alleged that "Defendant's principal place of business is located in a state other than the State of Missouri." Defendant objects to the ex parte nature in which plaintiff obtained leave to so amend, but said objection is not material because defendant fails to state what, if any, meritorious objections it would have made in opposition to plaintiff's motion for leave and because defendant does not contend that the allegation contained in the amendment is untrue.
As to the amount in controversy, the general rule is that a claim will not be dismissed for failure to meet the jurisdictional amount unless it appears to a "`legal certainty'" that plaintiff cannot obtain relief greater than said amount. Martin v. Granite City Steel Corporation, 596 F.Supp. 293, 297 (S.D.Ill.1984) (citing 1A Moore's Federal Practice ¶ 0.157[6]). See also Johnson v. American Mutual Liability Insurance Company, 335 F.Supp. 390 (W.D.Mo.1971). It is also settled that punitive damages "can be included in determining the amount in controversy requirement if under the governing law of the suit they are recoverable." Martin, 596 F.Supp. at 296 (citing Bell v. Preferred Life Assurance Soc., 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). In the case at bar, defendant makes a persuasive argument that plaintiff cannot recover actual damages in excess of the $10,000.00 jurisdictional minimum. This Court held in the prior Order and Memorandum dated October 15, 1984, that the amended service letter statute governs plaintiff's remedies under Count I in this case. Said remedies include punitive damages because plaintiff alleges that defendant never provided the requested service letter. This Court cannot say to a "legal certainty" that plaintiff cannot recover punitive damages in excess of the jurisdictional minimum. Defendant argues that plaintiff cannot make a submissible case on punitive damages because plaintiff cannot prove that defendant was aware of the requirements of the service letter statute. Under Booth v. Quality Dairy Company, 393 S.W.2d 845 (Mo.Ct.App.1965), however, lack of knowledge of the statute is an affirmative defense. Moreover, said defense will depend, primarily, on credibility determinations which are best left to the jury and this Court has been advised that further discovery is needed on this issue. In this situation, it cannot be said to be a "legal certainty" that plaintiff will not be able to recover punitive damages in excess of $10,000.00.
Defendant's substantive attacks on plaintiff's service letter claim in Count I *768 are essentially an attempt to relitigate some of the issues determined by this Court's prior Order and Memorandum. First, defendant argues that the Missouri service letter statute is inapplicable to a "multi-state employment situation." This is a variation on the choice-of-law argument previously rejected by this Court. Nevertheless, this Court is convinced that the employment relationship between plaintiff and defendant had sufficient contacts with the State of Missouri to warrant application of its service letter statute. Plaintiff was employed in Missouri, his office was in Missouri, and his sales territory included Missouri. The facts of this case are easily distinguishable from those in Horstman v. General Electric Company, 438 S.W.2d 18, 20 (Mo.Ct.App.1969).
Defendant next argues that the service letter statute which plaintiff relies on was repealed and that the Missouri Legislature thereby abolished or forgave all liability for violations thereof. This argument was squarely rejected by this Court in the prior Order and Memorandum and will not be reconsidered herein. This Court did not suffer from any "misconception" concerning the effect of the new service letter statute on the old one. The new statute did not contain an express "repealer" clause in the sense of a clause that explains the retroactive effect of the new statute on acts taken in reliance on the old statute. As explained earlier, this Court's reading of Mo.Rev.Stat. §§ 1.170, 1.180 (1978), as well as Musselman v. Anheuser-Busch, Inc., 657 S.W.2d 282, 285 (Mo.Ct.App.1983), and Arie v. Intertherm, Inc., 648 S.W.2d 142, 159 (Mo.Ct.App.1983), leads this Court to conclude that the sufficiency of plaintiff's request must be governed by the old statute, but the remedies to which plaintiff is entitled must be governed by the new statute. This result is further supported by the reasoning in State ex rel. Deering v. Corcoran, 652 S.W.2d 228, 230 (Mo.Ct.App. 1983).
Defendant next argues that it is entitled to summary judgment on Count I because plaintiff did not send his request for a service letter to the appropriate agent of defendant. Plaintiff sent the letter to a Mr. Edwards, who defendant claims was not the "superintendent, manager or registered agent of" defendant. However, the quoted language is from Mo.Rev.Stat. § 290.140 (1978 as amended), whereas this Court previously held that the old statute, which merely required that the letter be sent to the supervisor or manager of the employee, governs the sufficiency of plaintiff's request. In the opinion of this Court, a question of fact exists as to whether Mr. Edwards was a supervisor or manager of plaintiff. Moreover, defendant has admitted that Mr. Edwards was "one of the people to whom Plaintiff reported." Thus, summary judgment on Count I is not appropriate.
Defendant next seeks summary judgment on both Counts I and II on the ground that said counts were previously dismissed by the state court and said dismissal is res judicata as to Counts I and II. This argument lacks candor for two (2) reasons. First, the motion presented to the state court raised two (2) grounds: 1) improper venue; and 2) inapplicability of the service letter statute. The order of dismissal stated that it was only "sustained in part", but the court did not specify which part was sustained. This is clearly not a proper basis for res judicata. Second, the order of dismissal expressly stated that the action was dismissed "without prejudice." It is a fundamental rule that dismissals without prejudice do not preclude relitigation of claims so dismissed. Accordingly, defendant is not entitled to summary judgment on this ground.
Finally, defendant seeks summary judgment on Count III of plaintiff's complaint. Count III is a claim for breach of the implied covenant of good faith and fair dealing in an employment contract. Plaintiff expressly relies on Cleary v. American Airlines, 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980), to support the existence of the cause of action in Count III. On the basis of Cleary, this Court previously held that plaintiff did not fail to state a claim upon *769 which relief can be granted. Defendant now argues that, under Cleary and its progeny, as well as the undisputed facts in this case, plaintiff cannot prevail, as a matter of law, on Count III.
Cleary recognized that every employment contract governed by California law contains an implied covenant of good faith and fair dealing. This implied covenant operates, in certain circumstances, as a limitation on the statutory right of an employer to arbitrarily dismiss an employee-at-will. The most precise statement of the covenant is, as follows:
"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."
Cleary, 168 Cal.Rptr. at 728 (emphasis added by Cleary court) (quoting Comunale v. Traders & General Insurance Co., 50 Cal.2d 654, 658, 328 P.2d 198 (1958)). A literal application of the covenant so defined, however, would result in complete abolition of the employment-at-will doctrine. Although the decisions applying Cleary are somewhat confused, it is clear that California courts, including the Cleary court, have not abolished the employment-at-will doctrine. See, e.g., Crain v. Burroughs Corporation, 560 F.Supp. 849, 853 (C.D.Cal.1983); Shapiro v. Wells Fargo Realty Advisors, 152 Cal.App.3d 467, 199 Cal.Rptr. 613, 619 (1984); Newfield v. Insurance Company of the West, 156 Cal. App.3d 440, 203 Cal.Rptr. 9, 12 (1984); Crosier v. United Parcel Service, Inc., 150 Cal.App.3d 1132, 198 Cal.Rptr. 361, 364 (1983); Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 171 Cal.Rptr. 917, 926 (1981). In addition, an examination of what the Cleary court actually did, makes it clear that it did not create a broad, far-reaching implied covenant of good faith in every employment contract.
What Cleary and its progeny did was create, in certain circumstances, an implied promise that the employee will not be discharged except for good cause. Pugh succinctly summarized the circumstances or factors that may give rise to such a promise, as follows:
the personnel policies or practices of the employer, the employee's longevity of service, actions or assurances by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.
Pugh, 171 Cal.Rptr. at 925-26. The Cleary court, in holding that the employee stated a claim of wrongful discharge, relied on the longevity of the employee's service (18 years) and the existence of an express employer policy that provided for specific procedures for adjudicating employee disputes. Cleary, 168 Cal.Rptr. at 729. The plaintiff's 32 years of service was also a determinative factor in Pugh. In three (3) cases in which California courts rejected an employee-at-will's claim that he could not be discharged without just cause, a key factor was the brevity of the employee's service. See Crain (less than 2 years); Shapiro (3 years); and Newfield (less than 2 years).
Applying the above principles to the undisputed facts of this case, it is the opinion of this Court that defendant is entitled to summary judgment on Count III of plaintiff's complaint. Plaintiff worked for defendant for a little more than three (3) years in total, and less than six (6) months under the second contract. This is far from the longevity recognized in Cleary and Pugh as requiring an employer to have just cause for dismissing an employee-at-will. Plaintiff has not come forward with any evidence of policies of or assurances by defendant that would have given plaintiff a reasonable belief that he would not be discharged except for good cause. Thus, plaintiff has not met its burden on a motion for summary judgment and the undisputed brevity of plaintiff's service warrants entry of summary judgment in defendant's favor on Count III of plaintiff's complaint.

III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff moves for summary judgment on Count I of his complaint, the service *770 letter count. Plaintiff argues that it is undisputed that plaintiff sent a request for a service letter which complied with the requirements of the statute then in effect and that defendant did not provide the requested service letter. Plaintiff relies on a statement in this Court's prior Order and Memorandum that "plaintiff's request clearly satisfied the statute in effect at the time of said request." Comerio, 595 F.Supp. at 920. However, that statement was made in the context of passing on a motion to dismiss, viewing the facts in the light most favorable to plaintiff. That statement did not constitute a binding determination of fact or law. Indeed, if the evidence is controverted, the sufficiency of plaintiff's request is a question for the jury, not this Court. As discussed, supra, the evidence is controverted on the question of whether plaintiff sent the letter to the right person. Thus, a question of fact exists and plaintiff is not entitled to summary judgment on Count I.