Herbert E. **ROBARDS**,
Plaintiff–Appellee,

v.

**GAYLORD BROTHERS, INC.**,
Defendant–Appellant.

No. 87–2574.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1988.

Decided Aug. 15, 1988.

Phyllis E. Andelin and Robert E. Noel, Rosen, Wachtell & Gilbert, San Francisco, Cal., for defendant-appellant.

Bernard J. Allard, Jeffry Lochner and Suchitra V. Narayen, Popelka, Allard, McCowan & Jones, San Jose, Cal., for plaintiff-appellee.

Before SCHROEDER, NOONAN and O'SCANNLAIN, Circuit Judges.

SCHROEDER, Circuit Judge:

Gaylord Brothers, Inc. appeals a jury verdict in favor of Herbert E. Robards in this diversity action alleging wrongful discharge under California law. Gaylord Brothers discharged Robards from its employ after thirty-five years of service. The jury awarded $200,000 in damages for breach of implied contract and negligent infliction of emotional distress. Gaylord Brothers contends that the district court lacked subject matter jurisdiction due to the presence of Doe defendants, that the breach of employment contract claim is barred by the statute of frauds, that the jury instructions were confusing, and that the negligent infliction of emotional distress claim is barred by California's worker compensation laws. The case cuts across a number of areas of rapidly developing California state law in the field of employment relationships. We affirm.

The facts are not disputed. Gaylord Brothers manufactures and distributes library furniture, equipment, and supplies. Gaylord Brothers hired Robards as a sales representative in 1948. Robards held this position until he was terminated in 1984.

Apparently Robards' performance was considered satisfactory until 1983. In June 1983, the employer's National Sales Manager, Robert Sweet, met with Robards and requested written "call reports," detailed summaries of sales calls with customers. In September 1983, Sweet expressed in a memo dissatisfaction with Robards' reports, and Robards acknowledges he received the memo. Gaylord Brothers then terminated Robards in January 1984, after Robards had served more than thirty-five years with the company and was approximately four years from earning his full pension.

Robards filed this action against Gaylord Brothers and several Doe defendants in California state court on May 23, 1984, for breach of implied contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional

distress, negligent infliction of emotional distress, fraud, and negligent misrepresentation. Gaylord Brothers then removed the action to federal court pursuant to 28 U.S. C. § 1441(b) on the basis of diversity. A pretrial order of September 29, 1986 dismissed the Doe defendants and narrowed the issues for trial to breach of implied contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress.

The action went to trial on July 6, 1987. Robards contended that it was Gaylord Brothers' policy to terminate employees only for a justifiable reason; the defense position was that Robards' employment was at will and that Robards was terminated because his sales were unsatisfactory. The evidence demonstrated that there was no express employment contract, that Robards had received awards and bonuses for his job performance, and that the employer had never received any complaints from Robards' customers. Robards did not contend that he suffered physical injuries as a result of his emotional distress from being terminated. On August 13, 1987, the jury, on the basis of special verdicts, awarded Robards $150,000 for breach of implied contract and $50,000 for negligent infliction of emotional distress, but found for the employer on the breach of the implied covenant of good faith and fair dealing claim. The employer timely appeals pursuant to 28 U.S.C. § 1291.

## DISCUSSION

On appeal, Gaylord Brothers contends that (1) the district court lacked subject matter jurisdiction due to the presence of Doe defendants at the time of removal; (2) Robards' breach of implied contract claim is barred by the statute of frauds; (3) the jury instructions were confusing; and (4) Robards' negligent infliction of emotional distress claim is barred by California's worker compensation laws.

### A. *Doe Defendants*

■ Gaylord Brothers contends that the presence of Doe defendants in this action at the time of removal deprived the district court of subject matter jurisdiction, citing *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) (en banc). In *Bryant*, the en banc court held that the presence of Doe defendants destroys diversity.

. [T]he 30-day time limit for removal contained in 28 U.S.C. § 1446(b) will not commence until all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court. If a defendant attempts to remove a case prior to this time, the district court must remand the case to state court.

*Id.* at 605–06.

However, in examining the retroactive application of *Bryant*, we recently held that *"Bryant* does not require remand in cases where 'Doe' defendants were stricken by the district court prior to the November 6, 1987 decision in *Bryant."* *Brandchaft v. E.F. Hutton & Co., Inc.*, 841 F.2d 886 (9th Cir.1988).

Here, the Doe defendants were dismissed pursuant to the joint pretrial statement filed September 29, 1986. Thus, the Doe defendants were dismissed prior to the November 6, 1987 *Bryant* decision, and therefore the district court did not lack subject matter jurisdiction.

### B. *Statute of Frauds*

■ Gaylord Brothers next contends that the statute of frauds bars Robards' breach of employment contract claim. The statute of frauds forbids enforcement of certain classes of contracts unless they are reduced to writing. *Restatement (Second) of Contracts* § 110 (1981); *see also* 1 B. Witkin, *Summary of California Law*, Contracts § 197 (8th ed. 1973). California's statute of frauds provides that:

The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:

(a) An agreement that by its terms is not to be performed within a year from the making thereof. . . .

Cal.Civ.Code § 1624 (West Supp.1988).

In the only California Supreme Court decision in this area, the court held that the

statute of frauds does not apply to an oral employment contract unless its terms foreclose the employee's completion of the performance of the contract within one year.

> [T]he courts have been perhaps even less friendly to this provision [the "one year" section] than to the other provisions of the statute [of frauds]. They have observed the exact words of this provision and have interpreted them literally and very narrowly.... To fall within the words of the provision, therefore, the agreement must be one of which it can truly be said *at the very moment it is made*, 'This agreement is not to be performed within one year'; in general, the cases indicate that *there must not be the slightest possibility that it can be fully performed within one year*.

*White Lighting Co. v. Wolfson*, 68 Cal.2d 336, 340 n. 2, 438 P.2d 345, 349 n. 2, 66 Cal.Rptr. 697, 701 n. 2 (1968) (citations omitted) (emphasis in original).

■ Gaylord Brothers relies heavily upon *Foley v. Interactive Data Corp.*, 193 Cal.App.3d 28, 219 Cal.Rptr. 866 (1985), *review granted*, 712 P.2d 891, 222 Cal.Rptr. 740 (1986), and *Newfield v. Insurance Co. of the West*, 156 Cal.App.3d 440, 203 Cal. Rptr. 9 (1984), for its argument that Robards' oral employment contract violated the statute of frauds. However, because the California Supreme Court has granted review in *Foley*, it may not be cited for any proposition, *see Mottola v. R.L. Kautz & Co.*, 199 Cal.App.3d 98, 244 Cal.Rptr. 737, 741 (1988), and thus provides no support for Gaylord Brothers' contentions. Subsequent decisions have repeatedly discredited the application of the statute of frauds advocated in *Newfield. See Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1291 (9th Cir.1987) ("[w]e find that the rule of *Newfield* is not representative of California law and accordingly hold that if an oral agreement is capable of being performed within a year, it is not within the confines of the statute of frauds"); *Steward v. Mercy Hospital*, 188 Cal.App.3d 1290, 1295, 233 Cal.Rptr. 881, 884 (1987) ("upon the weight of authority, *Newfield* constitutes a minority view"); *Gray v. Superior Court*, 181 Cal.App.3d 813, 822, 226

Cal.Rptr. 570, 574 (1986) (having "doubt" as to *Newfield*'s interpretation of the law, noting that the California Supreme Court's *White Lighting* case has not been overruled and that the court has granted review of a case following *Newfield* on the point that an oral employment contract was barred by the statute of frauds).

Here, Robards contends that he and his employer had an implied employment contract that permitted termination only for good cause. Such a contract could have been completed within one year because Robards could have been terminated at any time for cause. Directly on point is *Mercy Hospital*, in which the court stated:

> A contract which limits the power of the employer with respect to reasons for termination is no less enforceable because it places no equivalent limits upon the power of the employee to quit his employment.... Thus, such a contract is capable of being performed within one year, for even though the employer may not be permitted to terminate an employee without good cause, good cause may exist within one year and, also, the employee may still terminate at will, i.e., within one year of formation of the contract.

188 Cal.App.3d at 1296, 233 Cal.Rptr. at 884. Thus we conclude that under currently applicable California law, the statute of frauds does not bar Robards' claim.

### C. Jury Instructions

■ In evaluating jury instructions, we give the trial judge "substantial latitude" and may reverse only for an abuse of discretion. *Lewy v. Southern Pacific Transportation Co.*, 799 F.2d 1281, 1287 (9th Cir.1986); *United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986).

> In reviewing a trial judge's charge to the jury, the standard of review is "whether or not the instructions taken as a whole were misleading or represented a statement inadequate to guide the jury's deliberations. [citations omitted]." The instructions must be considered in the context of the whole trial and "[i]solated,

individual statements do not by themselves establish error."

*United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1454–55 (9th Cir.), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986) (citations omitted).

Gaylord Brothers contends that the jury instructions were confusing, and that they erroneously permitted the jury to find an expectation of continued employment from Robards' longevity alone. Robards argues that the jury instructions properly enumerated a number of factors for the jury to consider, and, in any event, that longevity of employment alone is sufficient to find an implied-in-fact contract.

The full jury instructions on this issue stated:

In determining whether there exists an implied in fact promise for some form of continued employment, you may consider a variety of factors in addition to the existence of independent consideration. These factors include, for example, the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged. In addition, you may consider the other rules of interpretation on which you have been or will be instructed.

The expectation of continued employment can be inferred from the longevity of plaintiff's employment. The longer an employee has been employed, the greater is his justifiable expectation of continued employment.

If you find that the defendant either expressly or impliedly led the plaintiff to an expectation of continued employment and then terminated the plaintiff without cause, then you must find that the employer acted in bad faith and committed the tort of wrongful discharge of employment.

If an employee has an expectation of continuing employment, the covenant of good faith and fair dealing requires that the employer can only discharge that employee for good cause. The employer who terminates such an employee without cause is liable for the tort of bad faith discharge.

Gaylord Brothers essentially objects to one sentence in the jury instructions: "[t]he expectation of continued employment can be inferred from the longevity of plaintiff's employment." Gaylord Brothers contends that this instruction permitted the jury to find an expectation of continued employment from longevity alone, and argues that such a conclusion is contrary to California law.

Gaylord Brothers relies upon *Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 171 Cal.Rptr. 917 (1981), for the proposition that longevity alone is insufficient to establish an expectation of continued employment. In *Pugh,* a leading case in this area, the California Court of Appeal stated that courts have considered a number of different factors in determining whether an implied employment contract exists.

In determining whether there exists an implied-in-fact promise for some form of continued employment courts have considered a variety of factors in addition to the existence of independent consideration. These have included, for example, the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.

*Id.* at 327, 171 Cal.Rptr. at 925–26. Clearly the jury instructions in this case included reference to these factors.

The *Pugh* opinion also strongly implies that length of employment could, in itself, be sufficient, quoting from two decisions in a footnote. *See id.* at 327 n. 20, 171 Cal. Rptr. at 925–26 n. 20. The footnote states, in part, "[i]ndeed, if 'independent consideration' were required to support a promise of job security, an employee's lengthy past service would appear to be sufficient. 'The employee, in providing long-term employment to a single employer, substantially diminishes his economic mobility.'" *Id.*

(quoting *Foley v. Community Oil Co., Inc.*, 64 F.R.D. 561, 563 (N.H.1974)).

Gaylord Brothers characterizes the cases cited in this footnote as relating only to consideration for *express* employment contracts. However, in discussing implied contracts, the *Pugh* court stated that "[i]ndeed, it seems difficult to defend termination of such a long-term employee arbitrarily, i.e., without *some* legitimate reason...." 116 Cal.App.3d at 328, 171 Cal. Rptr. at 927 (emphasis in original).

Thus, read in light of *Pugh*, the instructions were not an erroneous statement of California law. Moreover, the instructions included reference to the "variety of factors" given in *Pugh*, and thus, taken as a whole, were not misleading. The instructions also used permissive rather than compulsory language, instructing the jury that an expectation of continued employment "can be," not "must be," inferred from longevity.

There was no reversible error with respect to the jury instructions.

### D. *California's Worker Compensation Laws*

■ Finally, Gaylord Brothers contends that Robards' negligent infliction of emotional distress claim is barred by Cal.Labor Code § 3602(a). Section 3602(a) states that:

> Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, ... the sole and exclusive remedy of the employee or his or her dependents against the employer,....

Cal.Labor Code § 3602(a)(West Supp.1988). As we have recently observed, whether California's worker compensation laws bar emotional distress claims is an area in which the California law is not entirely clear. *See Ortiz v. Bank of America National Trust and Savings Association*, 852 F.2d 383, 387–388 (9th Cir.1988).

The crucial issue here is whether California's worker compensation laws provide the sole and exclusive remedy for an employee's claim of negligent infliction of emotional distress resulting from the termination of the employee's employment when there has been no physical injury or disability.

Section 3600 provides that an employer is liable under California's worker compensation law "for any injury sustained by his or her employees arising out of and in the course of the employment." Cal.Labor Code § 3600 (West Supp.1988). Section 3602(a) provides that when an injury is compensable under section 3600, recovery under section 3600 is the employee's "sole and exclusive remedy." Cal.Labor Code § 3602(a) (West Supp.1988). Thus, the appropriate inquiry is whether Robards' injury is compensable under section 3600.

In making this determination, we first look to whether the distress alleged from Robards' termination arose out of and in the course of Robards' employment. *See Russell v. Mutual Life Insurance Co.*, 722 F.2d 482, 493 (9th Cir.1983), *rev'd on other grounds*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Emotional distress caused by employment termination is within the scope and course of the employment relationship. *Russell*, 722 F.2d at 493; *Ankeny v. Lockheed Missiles and Space Co.*, 88 Cal.App.3d 531, 534, 151 Cal.Rptr. 828, 830 (1979); *Gates v. Trans Video Corp.*, 93 Cal.App.3d 196, 201–03, 155 Cal. Rptr. 486, 492 (1979).

However, emotional distress without accompanying physical injury or disability is not compensable under section 3600. *See Russell*, 722 F.2d at 494 ("mental anguish absent any physical injury is not a compensable injury under California's Workmen's Compensation laws"); *Renteria v. County of Orange*, 82 Cal.App.3d 833, 839, 147 Cal.Rptr. 447, 450 (1978) ("[w]e are aware of no decisional or statutory authority for the proposition that mental suffering, *as such*, is a compensable injury") (emphasis in original). Thus, Robards' negligent infliction of emotional distress claim is not barred by the worker's compensation law.

Gaylord Brothers argues that a recent California Supreme Court decision dealing with intentional infliction of emotional distress, *Cole v. Fair Oaks Fire Protection District*, 43 Cal.3d 148, 729 P.2d 743, 233 Cal.Rptr. 308 (1987), holds that emotional distress resulting from employer "miscon-

duct" is a compensable injury under section 3600. It asks us to conclude that Robards' claim is barred. We disagree with Gaylord Brothers' broad reading of *Cole. Cole* held that California's worker compensation law bars claims for intentional infliction of emotional distress that have resulted in physical injury.

> The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment ..., and when the essence of the wrong is *personal physical injury or death,* the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied.

*Id.* at 160, 729 P.2d at 750, 233 Cal.Rptr. at 315 (emphasis added).

*Cole* does not affect, and indeed treats as continuing viable authority, prior decisions holding that emotional distress, without physical injury, is not compensable under worker's compensation. *See, e.g., id.* at 155, 729 P.2d at 747, 233 Cal.Rptr. at 312 (citing to *Renteria,* 82 Cal.App.3d at 833, 147 Cal.Rptr. at 447). The district court properly submitted Robards' negligent infliction of emotional distress claim to the jury. Hence, we find that each of Gaylord Brothers' contentions on appeal is without merit.

AFFIRMED.