Filed 1/15/26  Wood v. McNelis CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN WOOD, | B343295 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23GDCV02307) |
| v. | |
| MARK G. MCNELIS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ashfaq G. Chowdhury, Judge.  Reversed and remanded.

David A. Cordier for Plaintiff and Appellant.

Law Offices of James W. Bates and James W. Bates for Defendants and Respondents.

_____

Plaintiff John Wood appeals from a judgment of dismissal entered after the trial court sustained a demurrer brought by defendants Mark G. McNelis and Mark G. McNelis & Associates, CPAs Inc. Plaintiff argues that the trial court erred in sustaining the demurrer because the statute of frauds does not bar his breach of contract and related causes of action. We conclude that plaintiff has sufficiently alleged facts supporting the partial performance exception to the statute of frauds. Accordingly, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2023, plaintiff filed this lawsuit, alleging that he was the assignee of Donald R. Wood's estate and that defendants breached an oral contract with the estate by failing to pay the estate a portion of fees collected from clients transferred from the estate to defendants.

***Operative Complaint.*** After multiple demurrers, plaintiff filed the operative second amended complaint (SAC) in May 2024, alleging causes of action for (1) breach of contract, (2) common counts, and (3) an accounting.[1] The SAC, which was a form complaint, had the following allegations common to all claims:

"13. Plaintiff is the assignee of all rights, title and inter[est] in and to any claims held by the Estate of Donald R. Wood ('Wood Estate') against Defendants arising out of an oral agreement between the Wood Estate and Defendants entered on or about May 20, 2020 whereby the Wood Estate would transfer

---

[1] The SAC also alleged "unfair competition/business practices." This cause of action is not at issue on appeal, so we do not discuss it further.

client files held by Donald R. Wood prior to his death on April 23, 2020 in exchange for Defendants' agreement to pay the Wood Estate twenty-five percent (25%) of all fees, if any, earned by Defendants over a period of four years following the transfer of the aforementioned clients and/or client files. Since neither Plaintiff nor Plaintiff's assignor could guarantee that any of the clients whose files were transferred to Defendants would agree to utilize the services offered to them by Defendants within the following year, it is possible that Defendants would owe nothing to Plaintiff's assignor if such clients failed or refused to conduct business with Defendants. However, Plaintiff is informed and believes that several of the aforementioned clients whose files had been transferred to Defendants by the Wood Estate agreed to utilize the services offered by Defendants, and did in fact utilize Defendants' services.

"14. Defendants affirmed the contract by providing at least a partial accounting of the fees earned as a result of the transfer of the Wood Estate client files, and made one or more payments to the Wood Estate purportedly in compliance with the terms of the agreement. Plaintiff's assignor relied on Defendants to fully and accurately report the fees earned, but based on information and belief, allege that Defendants have failed to report all fees earned from the Wood Estate clients. Because Defendants are the only ones who have access to their files, and direct knowledge of the fees earned from the Wood Estate clients, Plaintiff cannot determine the amount due from Defendants as a result of any alleged breach of the agreement as hereinafter alleged, or the amount that may be determined to be the fair value of the property (i.e. the Wood Estate client files) transferred to Defendants at their request."

3

Plaintiff sought an amount "not less than $75,000 or such greater amount as may be proven at trial pursuant to an accounting ordered by the court."

***Demurrer.*** In June 2024, defendants filed a demurrer to the SAC, arguing that the statute of frauds barred plaintiff's lawsuit. Defendants argued that the oral agreement could not be performed within one year and therefore was unenforceable under the statute of frauds, barring all of plaintiff's claims.

In opposition, plaintiff argued that the statute of frauds did not apply because the contract could be performed within one year. Alternatively, plaintiff contended that defendants' partial performance removed the agreement from the scope of the statute of frauds.

***Ruling.*** In July 2024, the trial court sustained the demurrer without leave to amend as to the breach of contract and common counts causes of action. The trial court concluded that plaintiff had alleged the existence of an oral contract to be performed over the course of four years. The court found that it was not possible to perform the contract within one year based on the four-year performance period. The court also found that the partial performance exception did not apply, concluding that the case cited by plaintiff for support was not on point. Separately, the court sustained the demurrer to plaintiff's claim for an accounting with leave to amend.

Plaintiff did not amend the third cause of action. In October 2024, the court entered a judgment of dismissal. Plaintiff timely appealed.

## DISCUSSION

Plaintiff argues his causes of action are not barred by the statute of frauds. As we explain, plaintiff has sufficiently alleged

4

an exception to the statute of frauds and thus may proceed with the litigation.

## I.     Standard of Review

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo:   we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citation.]  First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  Next, we treat the demurrer as admitting all material facts properly pleaded.  Then we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citations.]  [¶]  We do not, however, assume the truth of contentions, deductions, or conclusions of law.  [Citation.]"  (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439–440.)

## II.     Statute of Frauds

Here, the trial court concluded that the statute of frauds barred plaintiff's causes of action for breach of contract, common counts, and accounting, which all shared the same underlying factual allegations regarding the alleged breach of contract.  We agree that the latter two causes of action stand or fall on the contract action.  This is because a " 'common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory.  [Citations.] When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the

5

cause of action is demurrable.  [Citations.]' [Citation.]  Thus, [the common] count must stand or fall on the viability of plaintiffs' other claims."  (See *Berryman v. Merit Property Management, Inc.* (2007) 152 Cal.App.4th 1544, 1559–1560.)  In addition, "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."  (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179.)  The only relationship alleged here arises from the claimed oral contract.  Accordingly, the existence of that contract is essential to all three causes of action.  (See *CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1239 ["A cause of action for breach of contract requires proof of the . . . existence of the contract"].)

Whether an enforceable contract exists may, in some cases, turn on compliance with the statute of frauds.  The statute of frauds, codified in Civil Code[2] section 1624, requires certain contracts to be in writing to be enforceable, including contracts that cannot be performed within a year.  Section 1624 states in pertinent part:  "(a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: [¶] (1) An agreement that by its terms is not to be performed within a year from the making thereof."  "The test for determining whether an oral contract is not to be performed within a year lies wholly within *its terms*. [Citation.]  The terms of the oral agreement may [expressly] specify that the duty is not to be performed within a year, or by clear implication make it

---

[2]     Subsequent statutory references are to the Civil Code.

6

evident from the subject matter of the contract that a period longer than one year was contemplated by the parties." (*Lacy v. Bennett* (1962) 207 Cal.App.2d 796, 800.)

However, recognized exceptions to the statute of frauds, including the doctrine of partial performance, take an agreement outside the statute's requirements. "Part performance allows enforcement of a contract lacking a requisite writing in situations in which invoking the statute of frauds would cause unconscionable injury. (*In re Marriage of Benson* [(2005)] 36 Cal.4th [1096], 1108.) '[T]o constitute part performance, the relevant acts either must "unequivocally refer[ ]" to the contract [citation], or "clearly relate" to its terms. [Citation.] Such conduct satisfies the evidentiary function of the statute of frauds by confirming that a bargain was in fact reached. [Citation.]' (*Id.* at p. 1109.) In addition to having partially performed, the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to a fraud. (*Anderson v. Stansbury* (1952) 38 Cal.2d 707, 715; *Oren Realty & Development Co. v. Superior Court* (1979) 91 Cal.App.3d 229, 235.)" (*Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 555.)

## III. The Partial Performance Exception Was Sufficiently Alleged

The SAC alleged that there was "an oral agreement between the Wood Estate and Defendants entered on or about May 20, 2020 whereby the Wood Estate would transfer client files held by Donald R. Wood prior to his death on April 23, 2020 in exchange for Defendants' agreement to pay the Wood Estate

7

twenty-five percent (25%) of all fees, if any, earned by Defendants over a period of four years following the transfer of the aforementioned clients and/or client files." The term of the alleged oral contract was expressly for a period of four years, and thus the statute of frauds applies absent an exception to it.

Plaintiff's argument that there is a possibility of performance within one year mischaracterizes the nature of the alleged agreement. The four-year duration was not contingent, optional, or subject to unilateral termination by the parties. The fact that clients might refuse to engage defendants does not alter the parties' contractual commitment that defendants pay 25 percent of all fees, if any, earned over a period of four years. Even if a client did not utilize defendants' services during the first year, that client could engage defendants at any time within the four-year term, and if so, defendants would owe the estate a portion of the fees generated pursuant to the agreement. Thus, the contract obligated defendants for a full four-year period regardless of whether, or when, any particular client generated fees. Thus, unlike the at-will or indefinite-duration contracts discussed in *White Lighting Co. v. Wolfson* (1968) 68 Cal.2d 336 and *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 671–672, which plaintiff cites for support, the alleged agreement here could not possibly be fully performed within one year. Therefore, the statute of frauds applies absent an applicable exception.

Our analysis therefore turns to plaintiff's alternative argument that alleged partial performance exempts the agreement from the statute of frauds. The SAC stated: "Defendants affirmed the contract by providing at least a partial accounting of the fees earned as a result of the transfer of the Wood Estate client files, and made one or more payments to the

8

Wood Estate purportedly in compliance with the terms of the agreement." Here, the alleged partial performance—providing a partial accounting of fees earned from the transferred clients and at least one payment to the estate—clearly relate to the terms of the alleged oral contract. This alleged conduct satisfies the evidentiary function of the statute of frauds by confirming that a bargain was in fact reached.

In addition, plaintiff alleged that the estate changed position in reliance on the oral contract by providing defendants with a client list, thereby fully performing the estate's obligations under the agreement. At the pleading stage, this allegation is sufficient to show that enforcing the statute of frauds would result in an unjust or unconscionable loss amounting, in effect, to fraud.

Accordingly, we conclude that the statute of frauds does not bar plaintiff's complaint at the demurrer stage. We therefore reverse the order sustaining the demurrer as to all three causes of action.

## IV. Plaintiff Sufficiently Pled a Cause of Action for An Accounting

Defendants contend that plaintiff failed to state sufficient facts to support a cause of action for an accounting because plaintiff "does not allege that the accounts are so complicated they cannot be determined through an ordinary action at law." For support defendants cite *St. James Church of Christ Holiness v. Superior Court of Los Angeles County* (1955) 135 Cal.App.2d 352, 359 (*St. James Church*), for the proposition that an accounting is an equitable remedy available only when the amount owed is unliquidated, unascertainable, or cannot be determined without the court's assistance. Citing the SAC,

9

defendants argue, "[i]n this instance, the amount [sought] is liquidated and for a sum certain of $75,000.00."

Defendants misread the SAC. Plaintiff did not allege that the amount owed was a fixed sum. To the contrary, Plaintiff expressly sought "the amount of not less than $75,000 or such greater amount as may be proven at trial pursuant to an accounting ordered by the court." The $75,000 figure was pled only as a minimum threshold.

Plaintiff also alleged that he could not ascertain the full amount due because the calculation depended on how many clients used defendants' services and the fees collected from those clients—all facts exclusively within defendants' knowledge and control. These allegations satisfy the requirements stated in *St. James Church* since the amounts owed are unknown to plaintiff and cannot be determined without discovery of information held by defendants.

## DISPOSITION

The judgment is reversed and the matter remanded for the trial court to enter an order overruling the demurrer. Plaintiff is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.