[No. F002394. Fifth Dist. Oct. 27, 1983.]

GALLO GLASS COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
DANIEL J. EMFINGER et al., Real Parties in Interest.

COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen and Michael G. Lowe for Petitioners.

No appearance for Respondent.

Canelo, Hansen & Wilson and James H. Wilson for Real Parties in Interest.

OPINION

BROWN (G. A.), P. J.—Petitioners seek a writ of mandate directing respondent court to grant their motion for summary judgment.

The major issue before us is whether an employee can maintain a tort action against his employer, permissibly self-insured for workers compen-

sation liability, for the employer's alleged fraudulent investigation of a compensation claim asserted by the employee. A related issue is whether *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063] applies to permissibly self-insured employers. We will conclude that such an action does not lie.

## FACTS

Real parties (plaintiffs) are plaintiffs in a civil action pending before respondent court; petitioners (defendants) are named defendants in that action.

The complaint alleges: Plaintiffs are husband and wife. On August 18, 1980, plaintiff Dan Emfinger (Dan) was injured while working for defendant Gallo. Defendant Ford was the manager of defendant Gallo's "self-insured division." Defendants wrongfully failed to pay workers' compensation benefits to Dan. When Dan returned to work on December 1, 1980, defendants required and coerced him to sign a paper indicating that his absence from work between August 18 and December 1, 1980, was for nonindustrial reasons, despite defendants' knowledge that Dan was represented by counsel in the compensation dispute. Defendants thereby intentionally inflicted mental suffering upon both plaintiffs and aggravated Dan's work injuries.

Plaintiff Dan Emfinger prayed general damages for physical and mental worry and suffering. Plaintiff Sandra Emfinger prayed general damages for loss of consortium and Dan's services and for worry about Dan. Both plaintiffs also prayed for punitive damages.

Defendants filed a motion for summary judgment asserting that Labor Code[1] sections 3600 and 3601 preclude the action against them. Plaintiffs opposed the motion, asserting that defendant Gallo is a self-insured employer, such employers should be treated as insurers, and, therefore, *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616 supports their action against defendants.

Respondent court granted defendants' motion insofar as the complaint attempted to state a cause of action for intentional or negligent failure to provide workers' compensation benefits for Dan's industrial injury on August 18, 1980, and denied the motion insofar as the complaint alleged intentional infliction of emotional distress arising from defendants' alleged fraudulent and deceitful investigation of Dan's compensation claim.

---

[1]Unless otherwise indicated, future code references are to the Labor Code.

## DISCUSSION

■ Plaintiffs contend that *Unruh v. Truck Insurance Exchange, supra,* 7 Cal.3d 616 supports respondent court's ruling. They argue that a permissibly self-insured employer, such as defendant Gallo, should be treated as an insurer when investigating compensation claims and *Unruh* compels a conclusion that such an employer is civilly liable to an employee for fraudulent or reprehensible conduct in investigating compensation claims. We disagree.

*Unruh* holds that a workers' compensation insurer is liable to an employee of the insured employer for intentional deceitful investigation of the employee's compensation claim which injures the employee. Our Supreme Court concluded that an insurer engaged in such conduct was not acting as an insurer within the meaning of section 3850 and, therefore, was a person other than the employer within the meaning of section 3852. In so concluding, the court emphasized that an insurer is not an employer within the definition of section 3300 and is not entitled to immunity under section 3601. (*Unruh, supra,* 7 Cal.3d at pp. 624-625, 630.) The *Unruh* analysis simply does not reach an employee's action against his employer because section 3601 applies to such an action.

Plaintiffs assert that the dual-capacity doctrine supports their action. The doctrine is well articulated in *Bell v. Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 277 [179 Cal.Rptr. 30, 637 P.2d 266]: "The purpose of the Act was to compensate for losses resulting from the risks to which the fact of employment in the industry exposes the employee. Liability under the Act is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment and because the injury arose out of and in the course of the employment. If the duty flows solely from the employment relationship and the injury 'arises out of' and 'during the course of' that employment, then the recited policy considerations behind the exclusive remedy in workers' compensation mandating that the employer be immune from tort liability have viability. If, however, an additional concurrent duty flows from an 'extra' employer status or a relationship that is distinct from that of employer-employee and invokes a different set of obligations, then a second capacity arises and the employer status is coincidental. The employer should then be treated as any third party tortfeasor, not immune from a common law tort action. [Citations.]"

We reject plaintiffs' contention. It is the employer's obligation to pay workers' compensation benefits. A self-insured employer necessarily must

investigate claims to fulfill this obligation and necessarily acts in the capacity of employer when doing so.

*Williams* v. *International Paper Co.* (1982) 129 Cal.App.3d 810 [181 Cal.Rptr. 342] holds that an employer does not act in the capacity of an insurer when self-insured. We agree with this conclusion and the court's cogent statement of its reasoning: ". . . . We are aware of nothing in California statutory or case law which would extend this concept of dual capacity to an employer who has no workers' compensation insurance carrier but simply has opted to stand ready to pay any such claims himself. He is still only the employer and has not been transformed into two legal entities where there was but one before. (See Lab. Code, § 3211.)" (129 Cal.App.3d at p. 815; fn. omitted.)

Plaintiffs assert that section 3211[2] compels a contrary conclusion; they urge that this statute is a legislative declaration that a self-insured employer assumes a dual-capacity of both employer and insurer. We disagree. The fact that the statutory definition of "insurer" includes a self-insured employer makes legislation regarding insurers applicable to such employers; it does not make sections 3600 and 3601, which grant employers immunity from suit, inapplicable to such employers.

Plaintiffs assert they are denied equal protection of the law if a self-insured employer is held immune from liability for conduct which would be actionable if done by an insurer. We disagree. The Legislature has provided employers broader immunity than insurers. There is a rational basis for such a distinction. An employer's liability for workers' compensation benefits is imposed by law and is involuntary. Insurers assume workers' compensation liability voluntarily for a fee. It is rational to grant employers, who must directly or indirectly pay the cost of workers' compensation, greater immunity from civil liability than insurers, who act voluntarily for profit.

Plaintiffs assert that only large, powerful companies have the financial strength to self-insure and should not thereby gain the advantage of immunity for tortious conduct. Perhaps not, but such public policy considerations are properly addressed to the Legislature.

---

[2]Section 3211 provides: "'Insurer' includes the State Compensation Insurance Fund and any private company, corporation, mutual association, reciprocal or inter-insurance exchange authorized under the laws of this State to insure employers against liability for compensation and any employer to whom a certificate of consent to self-insure has been issued."

Sections 3600 and 3601[3] provide in substance that an employer is immune from civil liability for injuries to an employee in the course of his employment which arise out of such employment. Dan was required to sign the return to work form at defendant Gallo's dispensary. Dan's declaration under penalty of perjury states, "I reported to the Dispensary at Gallo Glass Company . . . ." Thus, the alleged tortious conduct of requiring Dan to sign a return to work form occurred at Dan's place of employment and he was there upon his employer's direction. At oral argument before this court, Dan admitted that his injury from the alleged tort occurred in the course of and arose out of his employment with defendant Gallo. We agree; the admission appears to be compelled as a matter of law.

Therefore, defendants have statutory immunity from Dan's action against them for fraudulent investigation of his compensation claim. (§§ 3600, 3601.) Plaintiff Sandra Emfinger's action against defendants is also barred. (*Casaccia* v. *Green Valley Disposal Co.* (1976) 62 Cal.App.3d 610 [133 Cal.Rptr. 295].) Respondent court exceeded its jurisdiction in concluding otherwise.

Plaintiffs' demurrer to the petition is overruled.

Let a peremptory writ of mandate issue directing the Superior Court of Stanislaus County to vacate its order entered in action No. 173622 on March 15, 1983, insofar as it denies defendants' motion for summary judgment upon plaintiffs' cause of action for the fraudulent and deceitful investigation of plaintiff Dan Emfinger's compensation claim and to enter a new order granting the motion as to said cause of action.

Insofar as it seeks relief not granted above, the petition for writ of mandate is denied.

Hamlin, J., and Martin, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied December 22, 1983. Bird, C. J., was of the opinion that the petition should be granted.

---

[3]We apply the statutes as they read on December 1, 1980, the date of defendants' alleged tortious conduct. Section 3601 was amended in 1982 to substantially restrict the scope of the dual-capacity doctrine. The earlier statutes are more favorable to plaintiffs.