[No. B015550. Second Dist., Div. Three. Mar. 1, 1988.]

JOHN MOTTOLA, Plaintiff and Appellant, v.
R. L. KAUTZ & COMPANY, Defendant and Respondent.

COUNSEL

Belgum, Wulfsberg, Belgum & Weber and John J. Weber for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, David F. Peterson and Rita Gunasekaran for Defendant and Respondent.

OPINION

**DANIELSON, Acting P. J.**—Plaintiff John Mottola (plaintiff) appeals from a judgment entered against him and in favor of defendant R. L. Kautz and Company (defendant) following the granting of defendant's motion for summary judgment. Plaintiff had suffered an industrial injury during the course of his employment by Compton Unified School District (the District). Defendant was an independent claims administrator/adjuster for the District. Problems arose during the administration and adjusting of plaintiff's claim for benefits under the Workers' Compensation Act (Act) and plaintiff commenced the underlying civil action against defendant, the District, and others. Plaintiff's assignments of error are the trial court's implied findings that (1) plaintiff's action against defendant, for delay in paying and failure to pay his workers' compensation claim is preempted by the Act, and (2) that defendant was not a party to an agreement of July 22, 1981, the alleged breach of which was the basis for one of plaintiff's alleged causes of action. We affirm the judgment.

## THE QUESTION PRESENTED

The essential question in this appeal is whether the exclusive remedy provision of former section 3601 (now § 3602) of the Labor Code[1] constitutes a bar to a civil action by an employee against an independent claims adjuster of a self-insured employer for damages based on the delay and failure to pay benefits arising from the employee's industrial injury.

## FACTUAL AND PROCEDURAL STATEMENT

On August 10, 1982, plaintiff commenced his action against defendant, the District, and Thurman C. Johnson, the acting superintendent of the District. On April 22, 1983, a second amended complaint was filed. The first cause of action sought damages for violations of the Unfair Practices

---

[1] All statutory references are to the Labor Code unless otherwise specified.

Prior to 1983 section 3601 contained the exclusive remedy bar provision relating to employers. (See Stats. 1971, ch. 1751, § 1, p. 3780.) In 1982 that provision was deleted from section 3601 and recodified in section 3602. (Stats. 1982, ch. 922, § 5, p. 3366; Stats. 1982, ch. 922, § 6, p. 3367.)

In pertinent part former section 3601 read: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer."

The comparable provision in section 3602 reads: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ."

Act, specifically Insurance Code section 790.03 (section 790.03). The second and third causes of action, respectively, were based on theories of intentional and negligent infliction of emotional distress. The fourth cause of action sought damages for slander. The fifth cause of action was based on breach of contract.

*The Allegations Of The*
*Second Amended Complaint*

Plaintiff was first employed in about 1966 by the District, which was self-insured under the Act. During 1978 and 1980, he was injured during the course and scope of his employment, which injury rendered him totally temporarily disabled.

In November 1980, plaintiff presented a claim to the District and defendant, whose function included investigating such claims for the District, to recover benefits owed him for temporary total disability and pursuant to Education Code section 44984[2] as a result of that injury.

Plaintiff asserted that two medical reports he supplied defendant along with his statement under oath were sufficient to apprise defendant of the basis and factual support for his claim. By letter dated April 16, 1981, plaintiff complained to defendant that the latter had not taken any steps to investigate his claims and had failed to provide plaintiff with a copy of the examining physician's report or to pay him any benefits.

On July 22, 1981, pursuant to plaintiff's request, an emergency hearing was scheduled before the Workers' Compensation Appeals Board (WCAB) at which time the physician's report was produced. In the report the physician opined that plaintiff had suffered a job-related disability from October 9, 1980, through the 1980-1981 school year and that he was not yet permanent and stationary. Defendant and District agreed to pay to plaintiff all benefits due him based on that report. Plaintiff then agreed to take the emergency hearing off calendar.[3]

At a hearing before WCAB on February 10 and 11, 1982, defendant and the District admitted that nothing had been paid to plaintiff. Thereafter defendant and the District continued to refuse to pay benefits to plaintiff

---

[2] Education Code section 44984 requires the governing boards of school districts to provide compensation to employees during industrial accident leaves of absence.

[3] It is the alleged breach of this agreement that is the predicate for plaintiff's fifth cause of action.

and stated their reason to be that plaintiff had filed a claim for the benefits under section 945.4[4] of the Government Code.

*The Essence Of Plaintiff's Civil Action*

The sum and substance of plaintiff's action, after deleting the fourth cause of action for slander, which he concedes is "not at issue in this appeal," concerns the delay in paying and failure to pay benefits. In other words, the essential charging allegations in the first through third causes of action are (1) the failure to pay "the benefits owed and payable to plaintiff by defendants"; (2) the failure and refusal "to act reasonably promptly to respond to communications regarding plaintiff's claim, or to affirm or deny coverage, or to attempt to reach a reasonable settlement . . . or to investigate and make payment . . . or to provide a reasonable explanation for the failure to provide benefits . . . [or] to adopt and implement reasonable investigation and processing standards;" and (3) the misrepresentation of "pertinent facts relating to the insurance policy (ies) . . . ." In the fifth cause of action, for breach of contract, plaintiff alleged that defendant and the District breached their oral/written agreement of July 22, 1981, to pay plaintiff the subject benefits in return for plaintiff placing the emergency hearing off calendar.

*Defendant's Responses*

On July 27, 1983, the court sustained defendant's demurrer without leave to amend as to the second, third and fourth causes of action but overruled the demurrer to the first and fifth causes of action.[5] Defendant's motion to strike punitive damages was denied.

On August 12, 1983, defendant answered the complaint by generally denying its material allegations and by asserting 12 affirmative defenses. In its amended answer filed November 3, 1983, defendant pleaded the exclusive jurisdiction of the WCAB as its 13th affirmative defense.

---

[4] Government Code section 945.4 requires that a written claim for money or damages be presented to a public entity, and deemed rejected, before an action may be brought against it for money or damages.

[5] Also on that date the court sustained the demurrer of Thurman Johnson to the complaint, without leave to amend, on the ground that he was an agent of a disclosed principal acting within the scope and course of his agency.

The court sustained the demurrer of the District to the first through third causes of action without leave to amend but overruled the demurrer as to the fourth and fifth causes of action. Neither Johnson nor the District are parties to this appeal.

*Defendant's Motion For Summary Judgment*

Defendant's motion for summary judgment which was filed on January 18, 1985, was based on the grounds that: (1) plaintiff's remedy, if any, lay exclusively with WCAB; (2) plaintiff's action under section 790.03 was not legally cognizable against defendant; (3) such action, in any event, was premature; and (4) plaintiff's action for breach of contract must fail since defendant was not a party to the contract.

In his opposition filed February 8, 1985, plaintiff argued that the above grounds for summary judgment had already been rejected when the court had overruled the demurrer to the first and fifth causes of action. He further argued that those grounds should continue to be rejected. He asserted that, at a minimum, a material triable issue of fact remained as to whether defendant was a party to the subject agreement.

Following a hearing on February 22, 1985, the court granted the motion as to the remaining first and fifth causes of action but also granted 20 days leave for reconsideration as to the fifth cause of action only. Apparently, no reconsideration was sought. On May 28, 1985, a judgment was entered in favor of defendant and against plaintiff. This appeal followed.

### PLAINTIFF'S CONTENTIONS

On appeal plaintiff challenges both the court's ruling sustaining defendant's demurrer to the second and third causes of action and the court's ruling granting summary judgment on the first and fifth causes of action. Initially, he urges that these rulings as to the first through third and fifth causes of action were erroneous for the reason that defendant, as an independently retained claims administrator/adjuster for the District, a self-insured employer, does not fall within the exclusive remedy provisions of the Act. He then urges that even if those provisions are applicable to such an entity, this action nonetheless falls within the exception which applies where the insurer "intentionally embarks upon a deceitful course of conduct . . . which causes injury to the subject of the investigation." (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 630 [102 Cal.Rptr. 815, 498 P.2d 1063].)

Plaintiff next argues that summary judgment was improper for the reason that a question of fact remained as to whether defendant breached the implied covenant of good faith and fair dealing with respect to the first cause of action.

Lastly, plaintiff claims that summary judgment was improper since a question of fact remained as to whether or not the contract which is the subject of the fifth cause of action was breached.

## Discussion

Based on our review of the record[6] and applicable law we find no error.

### I. *Exclusivity of The Act's Remedies*

The thrust of plaintiff's position is twofold: (1) Defendant, as an "independent claims administrator/adjuster" (adjuster) is excluded from the class of persons embraced by the Act; and (2) assuming arguendo that defendant in fact falls within such class, its intentional misconduct against plaintiff served to remove defendant from the Act's ambit. We disagree.

#### A. *Applicability of Exclusive Remedy Bar to Adjuster of Self-insured Employer*

■ Plaintiff first urges that the exclusive remedy bar to civil actions set forth in former section 3601 does not apply to adjusters, such as defendant, for the reason that they are persons "other than the employer" within the meaning of section 3852.[7] As supporting authority, he relies primarily on *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 625-626, *Dill* v. *Claims Admin. Services, Inc.* (1986) 178 Cal.App.3d 1184 [224 Cal.Rptr. 273], and *Betance* v. *Transport Insurance Co.* (1986) 198 Cal.App.3d 267 [232 Cal.Rptr. 803] review granted Mar. 18, 1987 (L.A. 32312). As further support, he refers to *Farah* v. *Superior Court* (1986) 195 Cal.App.3d 1585 [231 Cal.Rptr. 461] review granted Feb. 26, 1987 (L.A. 32306), *Davis* v. *Continental Ins. Co.* (1986) 178 Cal.App.3d 836 [224 Cal.Rptr. 66], and *Bodenhamer* v. *Superior Court* (1986) 178 Cal.App.3d 180 [223 Cal.Rptr. 486].

We reject plaintiff's contention, albeit we acknowledge that this issue lies in an unsettled area of the law.

■ Initially, we point out that plaintiff's reliance on the *Betance* and *Farah* cases, *supra,* is misplaced. Our Supreme Court has granted review in both cases. Accordingly, neither case may be cited for any proposition. (Cal. Rules of Court, rules 976(d), 977.)

We also find to be misplaced plaintiff's reliance on the *Davis, Bodenhamer,* and *Unruh* cases, *supra,* for the reason that those cases are factually

---

[6]On September 22, 1987, we granted plaintiff's request to take judicial notice of certain documents in his WCAB case.

[7]The relevant portion of section 3852 provides: "The claim of an employee . . . for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer."

distinguishable. Although both the *Davis* and *Bodenhamer* courts held that adjusters are "in the business of insurance" for the purpose of subjecting them to claims for violations of the Unfair Practices Act (Ins. Code, § 790.03 et seq.), these cases were not decided in the context of the Workers' Compensation Act. Accordingly, their holdings and analysis are of no legal import here.

In *Unruh v. Truck Insurance Exchange, supra,* 7 Cal.3d 616, 625, our Supreme Court held that the investigator for the employer's compensation carrier or insurance company was subject to civil suit. The *Unruh* court reasoned that the exclusive remedy bar did not apply to the investigator, because he was a person "other than the employer" within the meaning of section 3852. (*Id.* at p. 626.) The *Unruh* court, however, was not faced with a complaint based on the delay in paying or failure to pay benefits. Instead, the facts in that case reveal that the investigator engaged in outrageous behavior which far exceeded the scope of his role as an insurance investigator. Specifically, the investigator, under the guise of friendship, lured the unsuspecting plaintiff employee to Disneyland where he caused her to cross a rope bridge and a barrel bridge which he shook violently for the purpose of enabling an associate to take *sub rosa* photographs of her reactions. This activity aggravated her work-related injuries and upon learning at the WCAB's hearing of the deception and ruse played on her, plaintiff subsequently suffered a physical and mental breakdown requiring recompense based on this hospitalization. (*Id.* at p. 621.)

■ A claim of egregious behavior which aggravated plaintiff's work-related injuries would normally fall within the jurisdiction of the WCAB since the purpose underlying the Act is to regulate compensation for work-related injuries to employees. (*Teague v. Home Ins. Co.* (1985) 168 Cal.App.3d 1148; 1151 [214 Cal.Rptr. 773]; §§ 3209, 5300, subd. (a).) However, the Act, pursuant to section 3852, expressly excludes from its purview claims for such recompense against persons "other than the employer."

It was in the above context that the *Unruh* court invoked section 3852. ■ Although defendant here is facially a person "other than the employer," section 3852 is inapplicable for the reason that plaintiff does not allege that defendant's actions aggravated or caused a work-related injury.[8] To the contrary, he alleges that "[a]ll damages and emotional distress were sustained outside of the employment relationship.. . ."

---

[8]Parenthetically, we observe that to the extent that the *Unruh* investigator's actions, which occurred outside the plaintiff's place and scope of employment, caused nonwork-related injuries such actions may be the subject of a civil suit not by reason of section 3852 but rather, for the reason that such matters are beyond the scope of the Act.

A more important difference is the failure of plaintiff to allege any intentional misconduct on the part of defendant which far exceeded its role as an adjuster. Again, the *Unruh* case did not involve the mere delay or failure to pay benefits. Rather, the *Unruh* decision rests on the fact that the insurance investigator not only failed to disclose his identity and capacity as an agent of the insurer but conducted himself in a manner contrary to the proper role of investigator.

Based on the foregoing we reject the conclusion of the court in *Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d 1184, that an independent claims adjuster of a self-insured employer is subject to civil suit. The *Dill* court reasoned that a literal reading of sections 3850 and 3852 does not preclude a civil suit against such an adjuster inasmuch as that person or entity is neither an employer nor an insurer, but rather, is a third person who simply contracted with the employer or the employer's insurer to perform certain services. In so doing, the *Dill* court misrelied on the *Unruh* case. (*Id.* at pp. 1188-1189.) In *Dill,* as in this case, plaintiff did not allege that his work-related injury was aggravated or caused by defendant's actions, which simply amounted to a refusal to pay any workers' compensation benefits.

The *Dill* court, in fact, recognized that several Court of Appeal decisions, i.e., *Denning* v. *Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118] and *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679] had reached a contrary conclusion; however, the court disregarded them as unpersuasive. (*Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d 1184, 1189.)

We find the analysis and holding of the *Santiago* court to be persuasive. In *Santiago,* the court held that the WCAB had exclusive jurisdiction over a claim that the independent adjuster of a self-insured employer had delayed or failed to pay a workers' compensation award. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 901.)

The *Santiago* court reasoned: "The California workers' compensation act (Act) provides an elaborate and complete scheme for the adjudication of claims by employees against employers for injuries 'arising out of and in the course of' their employment. (Lab. Code, § 3600.) There are but a few limited circumstances which allow an employee to ignore the exclusive remedies of the Act and bring an action in superior court. The underlying purpose of the Act is to provide a quick, simple and readily accessible method of claiming and receiving compensation. (*Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 20 . . . .) [¶] Proceedings which in any manner concern the recovery of compensation, or any right or

liability 'arising out of or incidental thereto' are to be instituted solely before the Appeals Board. (Lab. Code, § 5300, subd. (a)) ■ Moreover, the Act allows for a specific remedy of a 10 percent penalty in the event payment of a compensation award is unreasonably delayed or refused. (Lab. Code, § 5814.) In addition, the Appeals Board has the authority to impose successive penalties for successive delays in payment. (*Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 823 . . . .) The mere delay or failure to pay a workers' compensation award is not a basis for an independent lawsuit." (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 901, 902-903.)

■ Implicit in the holding and reasoning of the *Santiago* decision is the fact that it is the self-insured employer, not the independent adjuster, who owes the duty, if any, to pay the employee/claimant benefits. The independent claims adjuster is merely an agent of the employer for the purposes of determining whether or not the employer is obligated to pay any benefits and if so, in what amount.

■ "An agent is one who represents another, called the principal, in dealing with third persons. (Civ. Code, § 2295.) Agency and independent contractorship are not *necessarily* mutually exclusive legal categories . . . . In other words, an agent may also be an independent contractor. [Citation.] One who contracts to act on behalf of another and subject to the other's control, except with respect to his physical conduct, is both an agent and an independent contractor. [Citation.]" (*City of Los Angeles* v. *Meyers Bros. Parking System, Inc.* (1975) 54 Cal.App.3d 135, 138 [126 Cal.Rptr. 545]; italics in original.)

■ Accordingly, we conclude that an independent claims adjuster is simply the alter ego of the self-insured employer. (Cf. *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 624-625.)

"One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no others . . . . When his acts are wrongful in their nature." (Civ. Code, § 2343, subd. 3.) In other words, when the agent commits a tort, such as the fraud perpetrated on the plaintiff in *Unruh, supra,* then, and only then, is the agent subject to liability in a civil suit for such wrongful conduct. (See, e.g., *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 625-626; *James* v. *Marinship Corp.* (1944) 25 Cal.2d 721, 742-743 [155 P.2d 329, 160 A.L.R. 900]; *Frances T.* v. *Village Green Owners Assn.* (1986) 42 Cal.3d 490, 504-505 [229 Cal.Rptr. 456, 723 P.2d 573, 59 A.L.R.4th 447].)

■ Based on the foregoing we hold that an independent claims adjuster of a self-employed insurer is imbued with the same immunity from civil suit as his principal as long as the adjuster discloses his agency role and commits no intentional tort while investigating the claim in question. (But see *Bayuk* v. *Edson* (1965) 236 Cal.App.2d 309, 319-320 [46 Cal.Rptr. 49].)

As the *Unruh* court observed, "the investigation of claims, when properly performed, is an important function of the insurer in the [workers'] compensation scheme. . . . [S]uch nonmedical investigation constitutes a service 'inextricably interwoven' with the insurer's status. . . . The detection of spurious and unfounded claims benefits the [workers'] compensation scheme by excluding them from the already heavily burdened administrative process of the Board." (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 627.) Although the *Unruh* court spoke in the context of an insurance investigation, the same analysis remains valid with regard to a self-insured employer, who is an employer, not an insurer (*Gallo Glass Co.* v. *Superior Court* (1983) 148 Cal.App.3d 485, 488-489 [196 Cal.Rptr. 23]).

■ We further hold that plaintiff's sole remedy is to seek redress before the WACB for the delay in paying and failure to pay workers' compensation benefits. The *Santiago* court concluded that such is the case whenever the gist of the complaint concerns the delay in paying or failure to pay workers' compensation benefits. Specifically, the *Santiago* court held that a cause of action for violation of Insurance Code section 790.03, subdivision (h), or infliction of emotional distress, cannot be stated for such conduct, which falls exclusively within the jurisdiction of the WCAB. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 902-906; accord, *Schlick* v. *Comco Management, Inc.* (1987) 196 Cal.App.3d 974, 979-982 [242 Cal.Rptr. 241].) We concur and further find that the exclusive remedy bar applies also to a cause of action for breach of contract in such circumstances, and thus, is a bar to plaintiff's fifth cause of action, for breach of contract.

B. *Exclusion Based on Intentional Conduct*

There is no factual basis for determining that the exclusive remedy bar should be disregarded in this case based on the exception created by the *Unruh* court where the insurer "intentionally embarks upon a deceitful course of conduct . . . which causes injury to the subject of the investigation." (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, 630.) As plaintiff acknowledges, defendant here is not an "insurer." Moreover, the facts alleged, which amount to no more than delay in paying or failure to pay benefits, fall far short of the opprobrious behavior condemned by the *Unruh* court.

## II. *Plaintiff's Other Contentions*

This disposition renders it unnecessary to address plaintiff's remaining contentions.

### DECISION

The judgment is affirmed.

Arabian, J., and Croskey, J., concurred.