[No. G024554. Fourth Dist., Div. Three. Jan. 9, 2002.]

ISRAEL P. CHAMBI, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant
and Respondent.

**COUNSEL**

A. James Artiano and Philip A. Toomey for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Paul D. Fogel, Charles T. Graves; Lewis, D'Amato, Brisbois & Bisgaard, Alan R. Zuckerman and Keri Lynn Bush for Defendant and Respondent.

**OPINION**

**O'LEARY, J.**—Israel P. Chambi, a medical doctor, appeals a summary judgment granted to his former employer, the Regents of the University of

California (the Regents). He sued the Regents alleging they violated Business and Professions Code section 801, subdivision (e) by settling a medical malpractice action without his consent. We hold the Regents, a self-insured governmental entity, are not an insurer and their agreement to indemnify employees for claims arising in the course and scope of their employment is not insurance. Thus, they are not bound by Business and Professions Code section 801, subdivision (e)'s requirement that an insurer obtain the insured's consent before settling an action against the insured. Accordingly, we affirm the judgment.

Chambi, a medical doctor, was employed full-time by the Regents to provide clinical services and teach at the University of California at Irvine (UCI) and provide professional patient care services at the University of California at Irvine Medical Center (UCIMC). The Regents agreed to indemnify Chambi for damages or liability arising out of his performance of professional services at UCI and UCIMC.

In 1995, a medical malpractice action was filed against the Regents and Chambi. In August 1996, the Regents settled the action. As part of the settlement, Chambi was dismissed from the medical malpractice action, and he was not required to pay any amount in settlement or admit any fault. Because the settlement was for more than $30,000, the Regents reported it to the Medical Board of California as required by Business and Professions Code section 801.1. The report only identified the hospital, UCIMC; Chambi's name appeared nowhere in it. The Regents did not obtain Chambi's consent to settle the medical malpractice action, and he vehemently opposed settlement.

Chambi filed the instant action claiming the Regents wrongfully settled the malpractice action without his consent. After two rounds of demurrers, his second amended complaint was filed in May 1998. Chambi alleged the Regents' agreement to indemnify him for damages or liability arising out of his performance of professional services while employed at UCI and UCIMC constituted insurance. Additionally, the Regents had a "special relationship" with him. Chambi alleged that by settling the medical malpractice action without his consent, the Regents violated Business and Professions Code section 801, subdivision (e). The second amended complaint contained causes of action for breach of the covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress.

The Regents moved for summary judgment on the ground that as a matter of law it had no duty to obtain Chambi's consent before settling the medical

malpractice action. The trial court agreed, granted the motion, and subsequently entered judgment in favor of the Regents.[1]

## I

"Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit, or that there is no defense to the action or proceeding." (Code Civ. Proc., § 437c, subd. (a).) The trial court must grant summary judgment if the papers and affidavits submitted, combined with "all inferences reasonably deducible from the evidence" and uncontradicted by other inferences or evidence, show "there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's decision to grant summary judgment de novo. (*Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 644 [85 Cal.Rptr.2d 397].)

## II

Chambi argues the Regents were required by Business and Professions Code section 801 to obtain his consent before it could settle any medical malpractice action in which he was a named defendant. We disagree.

Business and Professions Code section 801, subdivision (b) requires an "*insurer* providing professional liability insurance to a physician and surgeon" to report any settlement over $30,000 of a medical malpractice claim against that physician to the Medical Board of California. (Italics added.) However, Business and Professions Code section 801, subdivision (e) provides, "Notwithstanding any other provision of law, no *insurer* shall enter into a settlement without the written consent of the *insured*, except that this prohibition shall not void any settlement entered into without that written consent." (Italics added.)

Business and Professions Code section 801.1, subdivision (b) imposes parallel reporting requirements on self-insured public entities. It provides, "Every state or local governmental agency that self-insures a physician and

---

[1]The trial court also agreed with the Regents that a July 1997 agreement between the Regents and Chambi, settling an employment grievance and releasing the Regents from all claims arising out of Chambi's employment, barred the action. Because we agree the Regents had no duty to obtain Chambi's consent, we need not address this alternate ground for granting summary judgment.

surgeon . . . shall send a complete report to the Medical Board of California . . . as to any settlement or arbitration award over thirty thousand dollars ($30,000) of a claim or action for damages for death or personal injury caused by that person's negligence, error or omission in practice, or rendering of unauthorized professional services." Notably absent from section 801.1 is any requirement that a self-insured public entity obtain consent to settle from the public employee physician and surgeon who is involved in the action.

Chambi argues a self-insured public entity is an "insurer" within the meaning of Insurance Code section 23 ("[t]he person who undertakes to indemnify another by insurance is the insurer, and the person indemnified is the insured"), and the indemnification provided its physician employees is "insurance" within the meaning of Insurance Code section 22 ("[i]nsurance is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event"). Therefore, he urges, although Business and Professions Code section 801.1, which applies to self-insured public entities, contains no consent requirement, the consent requirement of section 801, subdivision (e) must be read into it.

Chambi's contention is meritless. If self-insurance is insurance, and self-insured public entities are insurers, there was no reason for the Legislature to adopt a separate statute governing the reporting requirements of self-insured public entities. The self-insured public entity would have already been governed by Business and Professions Code section 801.

It is axiomatic that self-insurance is not insurance. An "allegation of self-insurance, which is equivalent to no insurance, is repugnant to the concept of insurance which fundamentally involves the shifting to a third party, by contract, for a consideration, the risk of loss as a result of an incident or event." (*Richardson v. GAB Business Services, Inc.* (1984) 161 Cal.App.3d 519, 523 [207 Cal.Rptr. 519].)

Chambi counters that in promising to indemnify their physician employees and in carrying out that promise the Regents act like an insurer. Therefore, they should be held to be an insurer. He presented evidence the Regents provided "occurrence based" indemnification for their physician employees for medical malpractice claims, maintained reserves to pay settlements and judgments, and costs were allocated back to the various medical centers. The Regents required the employee promptly notify them of any claims made, defended and indemnified the employee, employed private

claims adjusters, investigators, attorneys, and might occasionally issue a "reservation of rights" letter. But " '[w]hether an entity is an insurer does not depend on the entity's size, sophistication, corporate retention policies, or claims handling abilities.' . . . 'An entity that self-insures is not an insurer within the meaning of Insurance Code sections 22 and 23.' " (*County of San Bernardino v. Pacific Indemnity Co.* (1997) 56 Cal.App.4th 666, 690 [65 Cal.Rptr.2d 657].)

The Regents' agreement to indemnify their employee physicians is not a contract of insurance. There is no contract whereby, for consideration paid to the Regents, the physicians' liability is shifted to the Regents. ■ It is well established that when an employer is self-insured for workers' compensation purposes, the employer is not transformed into an insurer. (*Gallo Glass Co. v. Superior Court* (1983) 148 Cal.App.3d 485, 488-489 [196 Cal.Rptr. 23]; *Williams v. International Paper Co.* (1982) 129 Cal.App.3d 810, 815 [181 Cal.Rptr. 342].) ■ Similarly, when a corporation is self-insured with regard to negligence claims against it, it is not an insurer. (*Richardson v. GAB Business Services, Inc., supra,* 161 Cal.App.3d at p. 525.) ■ Public entities are generally vicariously liable for the negligence of their employees within the course and scope of their employment (Gov. Code, § 815.2, subd. (a)), and the employee is generally entitled to a defense and indemnification from the public entity (Gov. Code, §§ 825-825.6, 995-996.6). What the Regents promised Chambi was no more than their legal duty.

Chambi's reliance upon *Nathanson v. Hertz Corp.* (1986) 183 Cal.App.3d 78 [227 Cal.Rptr. 799] is misplaced. There, the court held a self-insured car rental company was engaged in the insurance business when it agreed to provide liability coverage for its customer, up to a specified limit, if he negligently caused personal injury or property damage to another while driving the rental car. (*Id.* at p. 80.) But here, the Regents are not selling indemnification to a third party. They are indemnifying their own employees against liability for damages arising from negligent acts committed in the course and scope of their employment. As such, they are not an insurer and their indemnification of the employee is not insurance. Accordingly, Business and Professions Code section 801 is not applicable to the Regents and they had no duty to obtain Chambi's consent before settling the medical malpractice action.[2]

---

[2]In any event, we fail to see how Chambi was harmed. He was dismissed from the underlying medical malpractice suit, was not required to admit fault or pay any part of the settlement, and was not named in the Regents' report to the Medical Board.

The judgment is affirmed. The Regents are awarded their costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 10, 2002. George, C. J., did not participate therein.